IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WAFER, | ) | |
| ID # 47873-177, | ) | |
| Movant, | ) | No. 3:16-CV-2170-B (BH) |
| vs. | ) | No. 3:14-CR-63-B (4) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice.

### I.  BACKGROUND

Michael Wafer ("Movant"), a federal prisoner, challenges his criminal judgment in Cause No. 3:14-CR-63-B (4). (*See* doc. 1.)[1]

Movant pleaded guilty to conspiracy to commit carjacking, carjacking, and using, carrying, or brandishing a firearm during a crime of violence. (*See* doc. 142.) The Court sentenced him to 180 months' imprisonment, with a 2-year term of supervised release. (*See id.*)

Movant appealed, arguing only that the Court had imposed a sentence that exceeded the statutory maximum on one of the counts. *See United States v. Wafer*, No. 15-10089, doc. 59 at 32-35 (5th Cir. Nov. 12, 2015). While his direct appeal was pending, the Court entered an amended judgment that cured the alleged error, but left unchanged his aggregate prison sentence. (*See* doc. 190.) Movant's direct appeal was then dismissed as moot. (*See* doc. 192.)

Movant now claims that the indictment was defective. (*See* 3:16-CV-2170-B, doc. 1 at 4,

---

[1]  Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-63-B (4).

12-16.) He also claims that his counsel was ineffective for failing to challenge the indictment, investigate his case, argue persuasively at sentencing, and pursue an appeal as to "important errors" and "complex issues." (*See id.* at 17-19.) Movant further claims that the plea colloquy was "flawed" because the Court failed to advise him of his constitutional rights, explain to him the charges, or ascertain whether his plea was knowing and voluntary. (*See id.* at 20-22.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).

## III. THE INDICTMENT

Movant first claims that the indictment was defective because it failed to "charge an offense against the United States," to explain what *mens rea* was required to prove carjacking, and to put him "on notice" of "which of the two (2) subsections of [] 18 U.S.C. Section 2" he was charged with. (*See* 3:16-CV-2170-B, doc. 1 at 4, 16.) Movant waived these challenges to the indictment, however, when he pleaded guilty. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects," *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013), and defects in the indictment are not jurisdictional because they "do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *see also United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) ("*Cotton* demonstrates that standard waiver principles apply to defects in the indictment.").

Even if Movant's challenges to the indictment were not waived, they are meritless. Contrary

2

to Movant's first challenge, the indictment did charge carjacking as an offense against the United States. (*See* doc. 1 at 1 (charging Movant with conspiracy to commit carjacking as "a certain offense against the United States")).) Likewise, and contrary to Movant's second challenge, Count 3 did make clear the required *mens rea*. (*See* doc. 1 at 6.) It charged that Movant and his coconspirators, "aiding and abetting one another, with intent to cause death and serious bodily harm, did knowingly and unlawfully take" the victim's vehicle "by force violence and by intimidation." (*Cf.* 3:16-CV-2170-B, doc. 1 at 19 (arguing that "[t]he indictment never even had any mens[]rea to even charge an offense against the United States.").)

More fundamentally, Movant's principal claim—that the indictment was defective because it did not "indicate which of the two (2) subsections of [] 18 U.S.C. Section 2 [he] was being charged with, [a] or [b]"—rests on a faulty legal premise. Section 2 "does not define a crime but merely makes punishable as a principal one who aids or abets another in the commission of a substantive offense." *United States v. Cowart*, 595 F.2d 1023, 1031 n. 10 (5th Cir. 1979). Because "[a]iding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit," *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992), the indictment was not required to identify whether Movant was liable under Section 2(a) or 2(b). *See id.* (holding that the district court did not err in instructing the jury that it could convict the defendant of aiding and abetting where the indictment charged her only as a principle, and "did not include aiding and abetting language or charger her with conspiracy," because aiding and abetting is not a separate offense). Movant's challenges to the indictment are both waived and meritless.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also claims that his counsel was constitutionally ineffective, at trial and on appeal, for failing to challenge the indictment on the ground that it did not specify whether Movant was

charged as a principal or as an aider and abettor. (*See* 3:16-CV-2170-B, doc. 1 at 18-19. (arguing that counsel failed to request a bill of particulars or "challenge the indictment during this [c]ase to see if it meets the Fifth Amendment's indictment clause.").) He also argues that his counsel "caused [him] in this case to receive too long a sentence," "failed to make any pretrial investigations into this case," and "never even filed any appeal on these important errors and [c]omplex issues." (*See* 3:16-CV-2170-B, doc. 1 at 17-19.)

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on his ineffective assistance claims, Movant must establish both that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687-691, 694.

In determining whether counsel's representation was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Movant must offer more than "conclusory allegations." *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

There is no merit to Movant's allegation that his counsel was ineffective when he failed to argue that the indictment must charge Movant under either 18 U.S.C. § 2(a) or § 2(b). As explained above, the law does not require an indictment to charge a defendant under a specific subsection of § 2. Movant's counsel was not ineffective for failing to argue otherwise.

The balance of Movant's allegations are conclusory. He claims that his counsel should have undertaken a thorough pretrial investigation; he does not, however, identify what exculpatory evidence that investigation would have yielded. *See United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) (concluding that to succeed on a claim that trial counsel was ineffective for failing to conduct a more-thorough pretrial investigation, the movant must "suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel."). Nor has Movant shown prejudice. "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence[,] the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Movant admitted his guilt to the charged offenses. (*See* doc. 62 at 3-4) (factual resume of Movant's crimes). In the face of those admissions, he has not argued, let alone shown, that further investigation would have unearthed evidence that would have caused him to plead not guilty and proceed to trial.

Movant also argues that the Court "failed in not applying mitigating factors" at sentencing, but he fails to point to a single meritorious argument that his counsel should have made in support of a shorter sentence. He urges that counsel should have claimed that "[t]he crime was not a violent crime," but counsel was not ineffective for failing to raise that plainly meritless argument. Movant admitted that he and his co-conspirators robbed and carjacked the victim at gunpoint, struck him several times with a gun, and would have shot him if he had refused to comply with their demands. (*See* doc. 62 at 3.) In light of the record evidence, Movant cannot show that his counsel was ineffective when he failed to argue that the crime was not a violent one.

Finally, Movant claims that his counsel failed to appeal "important" issues. To prevail on

5

his claim of ineffective assistance of counsel on appeal, Movant must show that had counsel performed differently, he likely would have prevailed on appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991) (citing *Strickland*, 466 U.S. at 687). Movant must do more than claim that counsel should have raised unnamed issues—he must identify specific arguments that counsel should have raised on appeal, and he must explain why those arguments were likely to succeed. Movant has done neither, and his "bare assertion[s] will not suffice" to support his claim for relief. *Holmes*, 406 F.3d at 361.

## V. THE PLEA COLLOQUY

Movant next challenges the Court's plea colloquy, arguing that the Court failed to advise him about any of the rights discussed in *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969) or those codified in Rule 11 of the Federal Rules of Criminal Procedure. (*See* 3:16-CV-2170-B, doc. 1 at 20-22.) "*Boykin* requires that defendants have a hearing prior to the entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Mathew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." Specifically, Rule 11 requires that the Court

> inform the defendant of, and determine that the defendant understands, the following:
>
> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>
> (B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

    (C) the right to a jury trial;

    (D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;

    (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

    (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

    (G) the nature of each charge to which the defendant is pleading;

    (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

    (I) any mandatory minimum penalty;

    (J) any applicable forfeiture;

    (K) the court's authority to order restitution;

    (L) the court's obligation to impose a special assessment;

    (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

    (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

    (O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    Here, the record of the plea colloquy belies Movant's claim that the Court failed to advise him of rights under Rule 11. It discussed each of the rights set out above with him. (*See* doc. 157 at 2, 6-7, 10-13, & 17-18.) It also made sure that Movant understood the nature of the charges against him and the potential penalties that he faced. (*See* doc. 157 at 2, 6-7, 10-13, & 17-18.) After the Court so advised him, it discussed his rights, the charges, and the penalties with him. He then

voluntarily waived his rights and pleaded guilty. Movant's sworn declarations—that he understood his rights and was knowingly and voluntarily waiving them—carry a strong presumption of truth, and he has made no effort to overcome that presumption here. *See, e.g.*, *United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017) (per curiam) ("A defendant's solemn declarations in open court carry a strong presumption of truth."). Accordingly, Movant's collateral attack to the Court's plea colloquy is meritless.

Movant also notes, without explanation, that his plea was rendered involuntary and unintelligent "by counsel being ineffective during this process." (*See* 3:16-CV-2170-B, doc. 1 at 7.) His claim is conclusory—it does not identify what Movant did not understand about his plea, in what way his plea was involuntary, or how his counsel's performance impacted his decision to plead guilty. Movant bald assertion that his counsel was "ineffective during this process" is not grounds for relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 26th day of February, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE